IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Jeffery Wayne Walker, | Civil Action No. 5:19-cv-01460-JMC |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Sheriff Chuck Wright and Major A. Freeman, | |
| Defendants. | |

Plaintiff Jeffery Wayne Walker, proceeding *pro se* and *in forma pauperis*, filed an action against Defendants Sheriff Chuck Wright and Major A. Freeman, alleging violations of his constitutional rights under 42 U.S.C. § 1983. The matter before the court is a review of the Magistrate Judge's Report and Recommendation ("Report") recommending that Plaintiff's Complaint (ECF No. 1) be dismissed with prejudice for failure to prosecute. (ECF No. 38.) For the reasons below, the court **ACCEPTS** the Report (ECF No. 38) and **GRANTS** Defendants' Motion to Dismiss (ECF No. 29).

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id*. at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718

F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Hardin v. United States*, C/A No. 7:12–cv–0118–GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997). Although *pro se* documents are liberally construed by federal courts, "[t]he 'special judicial solicitude' with which a district court should view *pro se* complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

Here, the record shows that Petitioner has failed to file any objections to the Report issued on September 13, 2019. (ECF No. 12). Therefore, the court must only review the record to ensure that there is no clear error. *See Diamond*, 416 F.3d at 315. Plaintiff filed a Complaint on June 20, 2019. (ECF No. 1.) Defendants filed a Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), on July 12, 2019. (ECF No. 29.) On July 15, 2019, the court issued a *Roseboro* order notifying Plaintiff of the importance of responding to Defendants' motion. (ECF Nos. 31; 38 at 1.) However, Plaintiff did not respond. On August 21, 2019, the court requested that Plaintiff indicate whether he intended to continue with this action. (*Id.*) Once again, Plaintiff failed to file a response. As

2

such, the Magistrate Judge determined that "it appears to the court that [Plaintiff] does not oppose Defendants' motion and wishes to abandon this action." (*Id.*)

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 38), **GRANTS** Defendants Sheriff Chuck Wright and Major A. Freeman's Motion to Dismiss for failure to state a claim upon which relief may be granted (ECF No. 29), and **DISMISSES** Plaintiff Jeffery Wayne Walker's Complaint (ECF No. 1) with prejudice.

## Certificate of Appealability

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 536 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*/s/ J. Michelle Childs*
United States District Judge

October 31, 2019
Columbia, South Carolina